```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - X
                                                     05 Civ. 5939 (WCC)
GERTRUDE NEUMARK ROTHSCHILD,             :
                                                     **ECF CASE**
                       Plaintiff,        :

          - against -                    :           **OPINION**
                                                     **AND ORDER**
CREE, INC.,                              :

                       Defendant.        :
- - - - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

|  |  |
|---|---|
|  | SIDLEY AUSTIN, LLP |
|  | 787 Seventh Avenue |
|  | New York, New York 10019 |
| JAMES D. ZIRIN, ESQ. |  |
| ASHEESH P. PURI, ESQ. |  |
|  | - and - |
| Of Counsel |  |
|  | KASOWITZ, BENSON, TORRES & FRIEDMAN |
|  | 1633 Broadway |
|  | New York, New York 10019 |
| PETER J. TOREN, ESQ. |  |
| Of Counsel | **Attorneys for Plaintiff** |

Of Counsel:

ALBERT L. JACOBS, JR.
DANIEL A. LADOW, ESQ.
DREIER LLP
499 Park Avenue
New York, NY 10019

```
                                        WEIL, GOTSHAL & MANGES LLP
                                        **Attorneys for Defendant Cree, Inc.**
                                        767 Fifth Avenue
                                        New York, New York 10153
DAVID C. RADULESCU, ESQ.

     Of Counsel
```

**CONNER, Senior D. J.:**

Defendant Cree, Inc. ("Cree") moves for reconsideration of this Court's Opinion and Order dated July 14, 2008 denying Cree's Motion for Partial Summary Judgment of non-infringement, contending that "the Court's Order is contrary to controlling Federal Circuit authority and overlooks critical facts . . . ." (Def. Mem. Supp. Mot. Recons. at 1 (footnotes omitted).) For the reasons stated hereinafter, the motion is denied.

**BACKGROUND**

The facts of this case are laid out at length in our Opinion and Order, familiarity with which is presumed. In this action for alleged infringement of plaintiff's U.S. patents Nos. 4,904,618 and 5,252,499 (the "'618 patent" and "'499 patent" respectively) by defendant Cree, Inc. ("Cree"), after a *Markman* hearing, the Court on May 3, 2007 filed an Opinion and Order[1] construing certain disputed terms of the claims of the two patents in suit. In response to a motion by plaintiff for reconsideration or clarification of the Court's construction of two of the claim terms of the '499 patent, the Court on July 2, 2007 filed a supplemental Opinion and Order[2] modifying its construction of one of the terms and confirming its construction of the other. Based on the Court's construction of the claims of the '499 patent, Cree moved for a partial summary judgment of non-infringement of that patent. In an Opinion and Order dated July 14, 2008 this Court denied Cree's motion for partial summary judgment of non-infringement.

---

[1] *Rothschild v. Cree, Inc.*, 2007 WL 1314619 (S.D.N.Y. May 3, 2007).

[2] *Rothschild v. Cree, Inc.*, 2007 WL 1944327 (S.D.N.Y. July 3, 2007).

**DISCUSSION**

**I.     The Standard for a Motion for Reconsideration**

Cree properly "recognizes that a motion for consideration is not favored." (Def. Mem. Supp. Mot. Recons. at 3). As this Court stated in *Shub v. Westchester Community College*, 2008 WL 1957731, at *2 (S.D.N.Y. Apr. 28, 2008), "[w]here the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *See* S.D.N.Y. LOCAL CIV. R. 6.3. Here, Cree has not shown that any controlling authorities or critical facts were overlooked in the Court's ruling.

**II.    The Controlling Authorities Allegedly Overlooked**

At pages 6-8 of its Opinion and Order, the Court discussed every one of the legal principles established or recognized in Federal Circuit decisions upon which Cree relied in support of its argument that the scope of a patent claim is limited by its preamble and explained why each principle is inapplicable to the present case. The Court also discussed another Federal Circuit principle that Cree did not mention, although it *is* applicable here: "a preamble is not limiting 'where a patentee defines a structurally complete invention in the claim body and uses the preamble only to state a purpose or intended use for the invention.'" *Poly-America, L.P. v. GSE Lining Tech, Inc.,* 383 F.3d 1303, 1310 (Fed. Cir. 2004) (quoting *Rowe v. Dorr,* 112 F.3d 473, 478 (Fed. Cir. 1997)).

In its Memorandum in support of the motion for reconsideration, Cree relies mainly upon the identical legal principles on which it relied before, but merely cites different Federal Circuit decisions applying those principles. Those principles are still inapplicable here for the reasons

2

previously explained.

Cree also contends that the Court "overlooked controlling decisions of the Federal Circuit which hold that when limitations of a claim derive their antecedent basis from the preamble, the preamble limits the terms throughout the claim," citing *Seachange, International, Inc. v. C-COR Inc.,* 413 F.3d 1361 (Fed. Cir. 2005). (Def. Mem. Supp. Mot. Recons. at 10.) Although Cree did not rely on *Seachange* in support of its motion for partial summary judgment, the principle for which Cree now relies upon it is merely another and less precise way of stating the principle discussed at pages 6-7 of the Court's Opinion and Order, "that the preamble is limiting if it is 'essential to understand limitations or terms in the claim body.'" *See NTP, Inc. v. Research In Motion, Ltd.,* 418 F. 3d 1282, 1305-06 (Fed. Cir. 2005). As the Court stated (Op. & Ord. at 7, 8), the mere fact that some terms appear in both the preamble and the body of a claim does not mean that the preamble limits the scope of the claim if, as here, the body of the claim describes a complete process which is understandable without reference to the preamble.

Cree further contends that "the Court overlooked a separate line of Federal Circuit authority holding that when a preamble is 'necessary to give life, meaning and vitality' to the claim, the preamble is a limitation and is not merely a statement of intended use for the invention," citing *Pitney Bowes, Inc. v. Hewlett Packard Co.,* 182 F.3d 1298, 1305-06 (Fed. Cir. 1999). (Def. Mem. Supp. Mot. Recons. at 12.) This is another decision which Cree failed to cite in support of its motion. Moreover, the principle for which it is relied upon is likewise inapplicable here where the body of the claim defines a complete process having "life, meaning and vitality" and the preamble is used "only to state a purpose or intended use of the invention."

Thus it is clear that in its Opinion and Order the Court did not overlook any controlling

3

decisions which are applicable in this case.

### III. The Critical Facts Allegedly Overlooked

#### A. Plaintiff's Argument About the "Forming . . . From" Element

Cree contends that the Court overlooked the critical facts that (1) during prosecution of the application for the '499 patent in suit, plaintiff argued that the "forming. . . from" phrase in the preamble of Claim 10 was a **"required"** element of the claim (Def. Mem. Supp. Mot. Recons. at 4 (emphasis in original)) and (2) that plaintiff relied on that element to distinguish from a prior patent to Fan et al. (Def. Mem. Supp. Mot. Recons. at 7-8.) In support of both of those contentions, Cree quotes plaintiff's statement that:

> one seeking to form a low-resistivity semi-conductor **from material** that has a tendency to become compensated (p-type ZnSe), **as required by the claims**, would not look to Fan because Fan discusses a method of forming a semi-conductor (n-type ZnSe) that does not have that tendency to become compensated.

(*Id.*, Ex. 2 at 4 (some emphasis added).) Note that what plaintiff actually stated was that the claims "required" that the low-resistivity semi-conductor be formed from **"material"** that has a tendency to become compensated. Thus Cree's statement that "[p]laintiff expressly quoted the **entire** preamble verbatim" (*id*. at 8 (emphasis in original)), is manifestly incorrect. Plaintiff did not say that the claims required that the low-resistivity semi-conductor be "formed . . . from . . . a semi-conductor **substrate."** That expression, which the Court construed as meaning a **pre-existing substrate**, appears only in the preamble of the claim, which the Court ruled did not limit the scope of the claim. Moreover, plaintiff did not distinguish Fan on the basis of a limitation to doping of the semi-conductor material **after** rather than **during** crystal growth but on the basis that the claim requires doping of a material that has

4

a tendency to become compensated when it is doped.

Cree does not dispute that, in its commercial production of LEDs, it forms a low-resistivity semi-conductor "from material that has a tendency to become compensated when it is doped." Therefore, this part of the prosecution history is not a "critical" fact. Moreover, it was not "overlooked" by the Court but quoted and discussed at page 24 of the Court's claim construction Opinion and Order of May 3, 2007.

### B. The Examiner's Characterization of the "Forming . . . From" Element

Cree also argues that the Patent Examiner expressly found that the "forming . . . from" limitation was limiting. (Def. Mem. Supp. Mot. Recons. at 6.) Cree supports that argument by reference to a statement made by the Examiner in requiring restriction of the application to either the product claims or the process claims:

> In the instant case unpatentability of the group I invention [the product claims] would not necessarily imply unpatentability of the group II invention [the method claims], since the device of the group I invention could be made by processes materially different than those of the group II invention, e.g., hydrogen can be incorporated into the semiconductor during growth rather than introduction of hydrogen into the semi-conductor after it has been grown, as is claimed in the instant application.

(*Id*., Ex. 4 at 2). However, the Federal Circuit has ruled that "[a]n applicant's silence in response to an examiner's characterization of a claim does not reflect the applicant's clear and unmistakable acquiescence to that characterization if the claim is eventually allowed on grounds unrelated to the examiner's unrebutted characterization." *Salazar v. Procter & Gamble Co.,* 414 F.3d 1342, 1346 (Fed. Cir. 2005); s*ee also 3M Innovative Properties Co. v. Avery Dennison Corp.*, 350 F.3d 1365, 1373-74 (Fed. Cir. 2003). Here plaintiff never argued for patentability of any of the claims of the '499 patent on the basis that they were limited to the doping of a pre-existing substrate as distinguished

5

from doping during growth of the semi-conductor crystal and her claims were clearly allowed on grounds unrelated to the examiner's characterization of them.

### C. The Letter to Toyoda Gosei

Cree further argues that plaintiff's then counsel, Baker & Botts, "confirmed that it is the preamble that allegedly distinguishes Claim 10 over the prior art" by stating in a letter of October 1, 2003 to an attorney for an accused infringer, Toyoda Gosei, that a prior patent "does not teach or suggest '[a] method for forming a low resistivity semiconductor from a wide band-gap semiconductor substrate that has a tendency to become compensated when it is doped,' as called for by claim 10." (Def. Mem. Supp. Mot. Recons. at 8 (Cree's emphasis omitted).) However, this is not a fact that the Court "overlooked," because Cree never mentioned this letter until its motion for reconsideration. Moreover, it is not a "critical" fact. Cree has lifted the quotation out of context, omitting the immediately following sentence which reads: "Although gallium nitride has a tendency to become compensated when it is doped, there is no disclosure in the '116 patent of any method for forming low resistivity gallium nitride." (*Id*., Ex 5 at 8.) Thus plaintiff's counsel distinguished the prior patent not on the basis of forming a low resistivity semiconductor from a pre-existing substrate but on the basis of forming a low resistivity semiconductor by any method at all. The objective "to induce acceptable conductivity" and " reduce the resistivity of the semiconductor" is clearly delineated in the body of Claim 10 (*id*., Ex 1 at 6:67-68, 7:4-5) without reference to the preamble.

## CONCLUSION

Cree has pointed out no controlling decisions or critical facts overlooked by the Court in its

Opinion and Order denying Cree's Motion for Partial Summary Judgment. Cree's Motion for Reconsideration of that decision is therefore denied.

SO ORDERED.

Dated: White Plains, NY
August 1, 2008

_____
WILLIAM C. CONNER, Senior U.S.D.J.